UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHIGAN LABORERS' HEALTH CARE
FUND, MICHIGAN LABORERS' VACATION
FUND, MICHIGAN LABORERS' PENSION
FUND, MICHIGAN LABORERS' EMPLOYERS'
COOPERATION AND EDUCATION FUND, and
MICHIGAN LABORERS' ANNUITY FUND


                    Plaintiffs,                          CASE NO. 03-74907

                                                   PAUL D. BORMAN
                                                   UNITED STATES DISTRICT COURT
v.

PRO-RESOURCE CLEANING, Inc. a
Michigan Corporation, and RONALD
POUNCY, an individual, jointly and severally,

                    Defendants.

_____/


## ORDER AWARDING PLAINTIFFS ATTORNEY'S FEES OF $22,553.25 AND COSTS OF $5,703.15.

        Presently before the Court is Plaintiffs' Motion to Set Amount of Attorney's Fees and

Costs.  Plaintiffs brought this lawsuit to recover benefit contributions due under a collective

bargaining agreement ("CBA").  Plaintiffs brought their action under Sections 502 and 515 of

ERISA.  On February 2, 2005, the Court entered an Order and Judgment in favor of Plaintiffs

and against Defendants for $16,375.14 in benefit contributions and $2,450.97 in audit

assessments.  The Court also awarded Plaintiffs their fees and costs.  Plaintiffs now seek

attorney's fees of $22,553.25 and costs of $5,703.15.

1

Plaintiffs use the lodestar approach to determine the amount of reasonable attorney's fees which form the basis of their motion.  This approach involves multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  The Court finds that there is a strong presumption that the lodestar method in this case results in a reasonable fee under ERISA. *Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway,* 46 F.3d 1392, 1401-02 (6th Cir. 1995).  The Sixth Circuit has also "adopted the rule that in ERISA cases, there is no requirement that the amount of an award of attorney's fees be proportional to the amount of the underlying award of damages."  *Id.* quoting *Operating Engineers Pension Trust v. B & E Backhoe, Inc.,* 911 F.2d 1347 (9th Cir. 1990).  The Court in *Grandview* awarded over $81,000 in fees and costs to a plaintiff that was awarded approximately $25,000 in delinquent contributions.  *Id.* at 1396-97.

The Court acknowledges that a fee award may be made without an evidentiary hearing, indeed "[a] hearing is required only where the district court cannot fairly decide disputed questions of fact on the basis of the affidavits and other documentation."  *Grandview* at 1402. For the reasons set forth below, the Court finds that Plaintiffs are entitled to attorney's fees of $22,553.25 and costs of $5,703.15.  The Court finds that an evidentiary hearing is not necessary because the Court can fairly decide the award on the basis of Plaintiffs' affidavit and other exhibits.

Defendants argue that the attorney's fees and costs sought by Plaintiffs are unreasonable based the totality of the circumstances.  Defendants contend that the litigation costs are the result of Plaintiffs' recalcitrance. Plaintiffs originally sought more than $146,000 in unpaid fringe benefit contributions but this amount was revised based upon documents produced by

2

Defendants during discovery. Defendants argue that Plaintiffs' unreasonable demand gave no opportunity for settlement. Defendants contend that at the very least, attorney fees should be capped at the point before summary judgment or $10,036.25, less any other reductions made by the Court.

Defendants also argue that the bulk of the omitted contributions are attributed to their misunderstanding of the CBA, which is due to Plaintiffs failure to provide Defendants with the employer handbook. Defendants further contend that the attorney's fees and costs sought by Plaintiffs require an evidentiary hearing because they have failed to demonstrate in their motion that the requested fees and costs are reasonable.

The Court disagrees with Defendants' contentions. The Court notes that when the initial audit was done, Defendants produced no information demonstrating whether the hours worked by Pro-Resource employees were CBA covered work. In the initial audit conducted by Wendy Woelfle, she included all hours worked by all Pro-Resource employees because Pro-Resource provided no information identifying employees who performed covered work or the amount of time spent on covered versus non-covered work. (Plaintiffs' Motion for Summary Judgment, Woelfle Aff. ¶12). ERISA expressly requires the maintenance of records sufficient to make benefit determinations. 29 U.S.C. §1059 provides:

(a)(1) Except as provided by paragraph (2) every employer shall, in accordance with regulations prescribed by the Secretary, maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees. The plan administrator shall make a report, in such manner and at such time as may be provided in regulations prescribed by the Secretary, to each employee who is a participant under the plan and who - -
(A) requests such report, in such manner and at such time as may be provided in such regulations,
(B) terminates his service with the employer, or
(C) has a 1-year break in service (as defined in section 1053(b)(3)(A) of this title).

3

(29 U.S.C. §1059(a)).

The Court finds that Defendants failing to keep records showing time spent on employees for covered versus non-covered work as required under ERISA necessitated Plaintiffs' counsel to engage in discovery to determine the covered employees.  The revised audit for $16,375.14 in benefit contributions and $2,450.97 in audit assessments was conducted after Plaintiffs received Defendants' payroll records.  In conducting this audit, Woelfle used the payroll records provided by Pro-Resource during discovery.  (Plaintiffs' Motion for Summary Judgment, Woelfle Aff. ¶14).  Woelfle states that neither these records nor any other records maintained by Pro-Resource show the time spent by its employees on covered work versus non covered work.

The Court finds that Defendants' complaint that they did not receive the employee handbook from Plaintiffs is not relevant particularly because the CBA explicitly requires that contributions be made to non union members.  (Plaintiffs' Motion for Summary Judgment, Exh. 4, pgs. 26-29).

The Court finds that the records produced by Plaintiffs' counsel are adequate for the Court to determine that the fees and costs are reasonable.  The Court finds that there is no basis for capping Plaintiffs' attorney fees and costs to the point before summary judgment or $10,036.25.  That figure was provided before Plaintiffs' counsel performed any work relating to its motion for summary judgment.   The Court notes that Plaintiffs have not sought their fees and costs relating to oral argument on their summary judgment motion or the drafting of the motions relating to attorney's fees and costs.

Defendants argue that the 43 hours Plaintiffs' counsel spent on preparing for the summary judgment motion is excessive.  Plaintiffs, however, contend that given the extensive

4

record in this case, approximately eight depositions and hundreds, if not thousands of pages of payroll records which were used to determine the hours of covered work is hardly excessive. The Court agrees, and finds that Plaintiffs are entitled to attorney's fees of $22,553.25 and costs of $5,703.15.   The Court finds that there is no basis for reducing the hours for which Plaintiffs seek fees.  The Court notes that Plaintiffs' counsel did delete some of his hours most of which related to compelling former Pro-Resource employees to attend their deposition. (Bommarito Aff. ¶4).

The Court further finds that there was adequate documentation supporting Plaintiffs' fee request.  The Sixth Circuit in *Grandview, infra,* found the plaintiffs' fee application adequate which included:

> an affidavit of an attorney with the [plaintiffs'] law firm, which included copies of the billing invoices for this entire action.  Each entry is accompanied by a date, a description of the activity involved, the amount of time expended on such activity, and the total amount of that activity.  In addition to the [plaintiffs'] application for attorney's fees, the [plaintiffs'] submitted a memorandum in further support of their application for attorneys' fees, as well as a response to defendants' memorandum in further opposition to the [plaintiffs'] application for attorneys' fees.  Accordingly, the documentation in support of the [plaintiffs'] application for attorneys' fees was adequate and the fee award shall stand.

*Id.* at 1402-03.  Similarly, here, the Plaintiffs submitted entries followed by a date, description of the task, the amount of time expended and the total amount of the task.  Additionally, Plaintiffs filed a brief in support of their attorney's fees and a reply in opposition to Defendants' Response. Accordingly, the Court finds Plaintiffs' documentation in support of their requested fees adequate.

The Court further finds that the hourly rates charged by Plaintiffs are very reasonable. Plaintiffs' counsel was billed at the rate of $140 per hour for work performed through May, 2004

and $155 per hour for work done starting June 1, 2004.  (Bommarito Aff. ¶2).  The Plaintiffs attached a billing rate survey conducted by the State Bar of Michigan for 2003.  This survey disclosed that the average billing rate for all attorneys in Michigan was $177 per hour.  The average billing rate for attorneys with 15 to 19 years experience (Plaintiffs' counsel has 21 years experience) is $190 per hour.  The average billing rate for attorneys in South Oakland County where Plaintiffs' counsel's office is located is $193.

Plaintiffs also seek to recover legal assistant fees charged at the rate of $100 per hour through May, 2004 and $105 starting June 1, 2004.  The State Bar of Michigan billing rate survey indicated that the median billing rate for legal assistants in South Oakland County with at least 10 years experience is $93 per hour.  Plaintiffs' counsel's legal assistant, Dennis Flynn has 20 years of experience.  (Bommarito Aff. ¶3).  The Court also finds that Dennis Flynn's billing rates to be reasonable.

The Court also finds that $5,703.15 for Plaintiffs' costs is reasonable.  Plaintiffs purport that a substantial portion of these costs relates to depositions taken in this case (i.e. deposition transcript costs, witness fees and process server fees).  As noted above, these depositions were necessary in order to determine the extent of covered work and producing the revised audit.

Therefore, for the reasons set forth above, the Court awards Plaintiff's attorney's fees of $22,553.25 and costs of $5,703.15.

/s/ Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 12, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 12, 2005.

s/Jonie Parker

6

Case Manager